United States Court of Appeals
For the Second Circuit

---

Ralph Hall

Plaintiff Appellant

v.

Anthony Annucci, et al.

---

On Appeal From The United States
District Court, For The Southern
District of New York

---

Brief of Appellant
Ralph Hall

Ralph Hall #05A5367
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

22-2031

Docket Number(s): __19 Civ 05521 (KmK)__     Caption [use short title]

Motion for: __Permission TO File PRO-SE
Appellant-Brief__

Hall

v.

Annucci, et al

Set forth below precise, complete statement of relief sought:

__That the Court of Appeals
Accept pro-se purported brief
To Appeal District Court's Aug.
30, 2022 Opinion & Order.__

MOVING PARTY: __Ralph Hall__          OPPOSING PARTY: __Jeb Harben__

[ ] Plaintiff     [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

MOVING ATTORNEY: __R. Hall, PRO-SE__     OPPOSING ATTORNEY: __Asst. Att. Gen.__
[name of attorney, with firm, address, phone number and e-mail]

__R. Hall #05A5367__          __Jeb Harben, Asst. Att. Gen__
__GHCF 594 Route 216__        __28 Liberty St.__
__Stormville, N.Y. 12582__    __New York, N.Y. 10005__

Court-Judge/Agency appealed from: __USDJ KARAS (SDNY)__

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✓] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?            [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested?  [ ] Yes  [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date:_____

Signature of Moving Attorney:
__Ralph Hall__  Date: __09/09/22__  Service by: [ ] CM/ECF  [✓] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# TABLE OF CONTENTS

TABLE OF CONTENTS     2.

TABLE OF AUTHORITIES     3.

STATUTES AND RULES     3.

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION     4.

STATEMENT OF ISSUES PRESENTED
FOR REVIEW     7.

STATEMENT OF THE CASE     8.

STATEMENT OF THE FACTS     10.

SUMMARY OF THE ARGUMENT     12.

ARGUMENT     14.

CONCLUSION     18.

CERTIFICATE OF COMPLIANCE     20.

CERTIFICATE OF SERVICE     20.

## TABLE OF AUTHORITIES

BELL v. NAPOLI, 2018 WL 6505072
(WDNY)

ROSS v. BLAKE, 136 S.Ct. 1850 (2016)

PETRELLO v. WHITE, 533 F. 3d 112, 113
(2 Cir. 2008)

ALLAH v. ANNUCCI, 2017 WL 3972517 at 6
(SDNY 2017)

Dutow v. METAL Remodelling, LLC
48 F. Supp 3d 860 (E.D. VA. 2014)

ANDERSON v. STATE, 125 A.D, 3d 1273
(4 Dept. 2015)

AMANDY. SIMONSON, FED. Supp. (2016)
WL 1257972

### STATUTES

42 USC 1983

### Rules

FED. R. Civ. P. 53(a)
FED. R. Civ. P. 4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

STATE PRISONER-PLAINTIFF FILED HIS 42 USC 1983 COMPLAINT IN THE DISTRICT COURT TO INITIATE A CIVIL LAWSUIT THAT INVOLVED CLAIMS CONCERNING ALLEGED CONSTITUTIONAL VIOLATIONS OF EIGHTH AND FOURTEENTH AMENDMENTS THAT FORBIDS AND PROTECTED AGAINST CRUEL AND UNUSUAL PUNISHMENTS. JURISDICTION REST UPON EXHAUSTION OF PRISON GRIEVANCE RELIEF UNDER HOLDINGS IN ROSS v. BLAKE, 136 S. Ct. 1850 (2016), AND BELL v. NAPOLI, 2018 WL 6505072 (NDNY).

THE Court OF APPEALS JURISDICTION WAS REALIZED AND REST UPON THE DISTRICT COURT FINAL ORDER. (COMPARE PETRE NO V. WHITE, 533 F. 3d 110, 113 (2 CIR, 2008))

DISTRICT Court's, SUMMARY JUDGMENT ORDER IN FAVOR OF DEFENDANTS WAS ENTERED ON August 30, 2022, NOTICE OF APPEAL WAS FILED ON SEPTEMBER 09, 2022

WHERE DISTRICT COURT HAVE SUMMARILY DISPOSED OF ALL CLAIMS WITH RESPECT TO ALL PARTIES, THE COURT OF APPEALS NOW HAS JURISDICTION ON THE BASIS OF PLAINTIFF'S PRO-SE PLEADINGS THAT WARRANT REVIEW FOR IRREGULARITIES IN THE DISTRICT Court's HANDLING OF STATE PRISONER CIVIL COMPLAINTS.

4.

THIS CASE HAVE EVOLVED ON THE
CLAIM, THAT DEFENDANTS AS STATE
EMPLOYEES DO NOT HAVE IMMUNITY
FROM THE PENALTIES ASSOCIATED WITH
NEGLECT AND/OR DELIBERATE INDIFFERENCE.
WHERE SUCH, ALLEGED NEGLECT RESULTS IN
THE CLEAR BREACH IN DUTY, THAT IS
ATTACHED TO STATE EMPLOYEE'S JOB
DESCRIPTION. THE VIOLATION OR FAILURE
IS COUNTENANCED AS A CIVIL RIGHTS
VIOLATION.

THE MANIFESTATION OF EXHAUSTION OF PRISON
GRIEVANCE REMEDIES IS, HOWEVER, ATTACHED
TO A STATE PRISONER'S RIGHT TO THE
FIRST AMENDMENT AND ENTITLEMENT TO
FAIR REDRESS. TO KEEP FROM OVER-
BURDENING THE COURTS, THE PRISON
GRIEVANCE MECHANISM IS REQUIRED TO
FIRST BE EXHAUSTED, WITH STIPULATION
THAT THE ISSUE BE AT LEAST GRIEVABLE,
OR THAT THE GRIEVANCE PROGRAM BE,
AVAILABLE. (DOCCS - DIRECTIVE # 4040)

ON THE CONTRARY, A PRISONER SUFFERING
FROM PAIN, INJURY, OR AS IN THIS CASE,
"A FLESH EATING PARASITE" (MERSA); THE
FILING OF AN INMATE GRIEVANCE WOULD
COMPARE TO CHANGING DRESSINGS ON A
WOUND, "AFTER" THE WOUND HAS BEEN
INFECTED WITH AN INCURABLE DISEASE.
(STAPHYLOCOCCUS); (SEE EXCEPTION TO GRIEVANCE
EXHAUSTION AT? _Ross v. Blake_, 136 S. CT. 1850
(2016); _Bell v. Napoli_, 2018 WL 6505072
(NDNY))

SECOND, THE ISSUE OF EXHAUSTION HAVE
TAKEN PRIORITY OVER INTENT AND SERVES
TO EFFECTIVELY UNDERMINE THE PURPOSE
FOR A CIVIL RIGHTS LAWSUIT. THE INSTANT
CASE ENDEAVORS TO REITERATE ITS CLAIM
THAT DEFENDANTS, ALL STATE AGENTS ARE
RESPONSIBLE; EACH AND EVERY NAMED DEFENDANT
DEFENDANT FROM THE NAMED NURSES TO THE
COMMISSIONER OF DOCCS - HAVE FAILED TO
PROTECT PLAINTIFF; PAIN AND SUFFERING IN
CONJUNCTION WITH CONTRACTING A LIFE-
ALTERING AND INCURABLE DISEASE MUST
BE VIEWED AS NOTHING LESS THAN UNCONSCIONABLE.
(SEE Estelle V. Gamble, 429 U.S. 97(1976);
Helling v. McKinney, 509 U.S. 25, 35-37 (1993)).
(ALSO, SEE: FARMER V. BRENNON, 511 U.S. 825;
Allah v. Annucci, 2017 WL 3972517 AT 6
(SDNY-2017))

6r

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

MOTION FOR DEFAULT JUDGMENT WAS
FILED AGAINST ONE OF THE NAMED DEFENDANTS
FOR FAILURE TO ANSWER SUMMONS AND
COMPLAINT BY ITS DUE DATE. SUCH FAILURE
WAS EXCUSED BY THE DISTRICT COURT AS
ERROR ON THE PART OF THE U.S. MARSHAL
SERVICE THAT WAS IMPUTED TO PLAINTIFF
AT THE EXPENSE OF PLAINTIFF'S RIGHT TO
EQUAL APPLICATION OF THE LAW BEING
SEEMINGLY SUBJECTED TO A JUDICIAL BIAS
THAT SERVED TO UNDERMINE THE LEGISLATIVE
INTENT FOR THE 1983 CIVIL RIGHTS STATUTE.

WHERE PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT WAS DENIED, AS AN EXAMPLE
OF THE DISTRICT COURT'S POWER OF DISCRETION.
THAT SAME DISCRETIONARY POWER WAS USED TO,
ALLEGEDLY GRANT THE STATE DEFENDANTS
MOTION FOR SUMMARY JUDGMENT.

FIRST: APPELLANT SEEKS REVIEW OF HIS
MOTION FOR DEFAULT JUDGMENT WHICH
WAS APPEALED TO THE COURT OF APPEALS
PREMATURELY AND/OR PRIOR TO THE
DISTRICT COURT'S FINAL ORDER THAT ISSUED
ON GRANT OF THE DEFENDANTS MOTION
FOR SUMMARY JUDGMENT.

7.

## STATEMENT OF THE CASE

THE HONORABLE UNITED STATES DISTRICT
COURT JUDGE, KENNETH M. KARAS HAVE
ALLEGEDLY, PREJUDICIOUSLY EXERCISED HIS
DISCRETIONARY PREROGATIVES IN THIS CASE
BY EXEMPTING THE STATE DEFENDANTS FROM
DEFAULT JUDGMENT WHILE AT THE SAME
INSTANT, PROVIDING DEFENDANTS WITH
MULTIPLE AND VARIED PROCEDURAL OPTIONS
OF WHICH THE COURT ROUTINELY RENDERED
DECISIONS WITHOUT GIVING INCARCERATED
STATE PRISONER-PLAINTIFF REASONABLE
OPPORTUNITY TO RESPOND. IT IS FURTHER
CLAIMED THAT OFTEN THE COURT WOULD
GRANT SUCH FAVOR BY ENDORSEMENT
USUALLY GIVEN ON THE SAME DAY THE
DEFENDANT'S MOTION ARE FILED.

CONTRARY TO THE ABOVE, PLAINTIFF'S MOTIONS
ARE MADE TO LANGUISH 4-6 MONTHS
WITH DEFENDANT GIVEN EXTENSIONS OF
TIME TO REPLY.

THE ALLEGED MISHANDLING OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT SEEKS
THIS COURT'S REINSTATEMENT OF MOTION
FOR DEFAULT WHICH WAS PREVIOUSLY
BROUGHT PREMATURELY TO THE CIRCUIT COURT
BEFORE THE DISTRICT COURT ENTERED
ITS FINAL ORDER.

8.

THE DISTRICT COURT'S DENIAL OF DEFAULT JUDGMENT AGAINST STATE DEFENDANTS, AND THE GRANT OF A SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS REST UPON NOTHING MORE THAN JUDICIAL DISCRETION. HOWEVER, A MEANINGFUL REVIEW OF THE SEEMING, EX PARTE DENIAL OF MOTION PURSUANT TO FED. R. CIV. P. RULE 55(a) — WOULD FIND THAT DENIAL OF DEFAULT JUDGMENT HERE, CONSTITUTED WHAT AMOUNTS TO, IMPERMISSIBLE OR, ALLEGED IMPROPRIETY, IF NOT JUDICIAL ABUSE OF THE COURT'S DISCRETIONARY PREROGATIVES.

FACT: THE DISTRICT COURT'S REASONING FOR DENIAL OF PRO-SE STATE-WARD AND PRISONER'S MOTION PURSUANT TO FRCP RULE 55(a) REST SOLEY UPON THE COURT'S JUDICIAL BIAS AND CONTRARY TO THE CONCEPT OF IMPARTIALITY. A JUROR OF REASON WOULD FIND SUCH CONDUCT AS CONTRADICTATORY TO DUE PROCESS OF LAW. MOREOVER, A REVIEW OF THIS CASE WOULD SHOW THAT GRANTING THE MOTION FOR DEFAULT WOULD HAVE SEVERLY AND CRITICALLY DAMAGED THE DEFENDANTS CASE BECAUSE DEFENDANT, NICOLE WALSH, WHO HAD, ALLEGEDLY AVOIDED SERVICE OF THE SUMMONS AND COMPLAINT UNTIL PLAINTIFF FILED AND SERVED HIS DEFAULT JUDGMENT MOTION VIA USPS. NEEDLESS TO SAY, THE DEFENDANTS REACTION WAS TO SEEK THE ASSISTANCE OF THE STATE ATTORNEY WHO THEN, ALLEGEDLY REACHED OUT TO AN ALLEGED COOPERATING JUDGE.

9.

## STATEMENT OF FACTS

MOTION FOR DEFAULT JUDGMENT WAS FILED ON MAY 19, 2021. NAMED DEFENDANT (NICOLE WALSH) WAS SERVED BY U.S. MARSHAL SERVICE WITH SUMMONS AND COMPLAINT ON NOVEMBER 06, 2020 WITH A DUE DATE TO ANSWER, ON OR BEFORE NOVEMBER 27, 2020. DEFENDANT'S ATTORNEY BY LETTER CORRESPONDENCE DATED DECEMBER 17, 2020 — INFORMED ALL PARTIES TO THE COMPLAINT THAT, THE OFFICE OF THE ATTORNEY GENERAL DID NOT REPRESENT DEFENDANT WALSH, BECAUSE THE U.S. MARSHAL SERVICE WAS DEFICIENT.

NO HEARING WAS HELD ON THE SUFFICIENCY OR VALIDITY OF THE MARSHAL SERVICE. INSTEAD, THE DEFENDANT PRESENTED AN AFFIDAVIT BY HER ATTORNEY THAT CLAIMED SERVICE WAS NOT REALIZED, OR MANIFEST IN ACCORDANCE WITH PROPER PROCEDURE.

DEFENDANT WALSH NOTIFIED HER ATTORNEY ABOUT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AFTER THE EXPIRATION OF THE NOVEMBER 27, 2020 DUE DATE TO ANSWER THE SUMMONS AND COMPLAINT. (FED. R. CIV. P. RULE 55(a) FOR DEFAULT JUDGMENT WAS ALLEGEDLY PROPERLY SERVED ON DEFENDANT WALSH, APPROXIMATELY SIX (6) MONTHS AFTER U.S. MARSHAL SERVICE OF COMPLAINT AND SUMMONS.

10.

DISTRICT COURT'S DETERMINATION TO DENY DEFAULT ON THE PART OF DEFENDANT, WALSH, WOULD SEEM TO REST ON THE COURT'S CLAIM THAT, PRO-SE PLAINTIFF FAILED TO INDICATE CONTROLLING OR GOVERNING LAW TO SUPPORT THE, DUTON V. METAL REMODELLING, LLC, CASE RELIED ON TO SHOW THE U.S. MARSHAL SERVICE WAS CORRECT. (48 F. Supp. 3d 860 (E.D. VA. 2014)); (SEE ALSO, FRCP Rule 4)

DEFENDANT WALSH DID NOT, ANSWER COMPLAINT AND SUMMONS, AS OTHER NAMED DEFENDANTS UNTIL THE U.S. MARSHAL'S OFFICE DECIDED TO SERVE HER PERSONALLY, RESULTING IN USING THE PROCEDURE CREATED BY, OFFICE OF COUNSEL'S OFFICE OF NDOCCS — WHERE ACCEPTANCE OF U.S. MARSHAL SERVICE IS AUTHORIZED FOR ALL STATE EMPLOYEES.

HENCE, ANY ISSUE OR COMPLAINT WITH SUCH SERVICE SHOULD HAVE BEEN BROUGHT TO THE ATTENTION OF THE U.S. MARSHAL'S OFFICE; RATHER THAN IMPUTED TO THE STATE WARD AND PRISONER-PLAINTIFF AND WRONGFULLY REFERRED TO AS AN INVALID SERVICE DESERVING OF THE COURT'S UNFOUNDED, BUT ALLEGED, CREATIVE EXCUSES. (SEE FRCP Rule 4)

# SUMMARY OF THE ARGUMENT

WARDS OF THE STATE AND STATE PRISONERS SHARE IN DEPENDENCE ON THE STATE'S RESPONSIBILITY FOR THEIR HEALTH AND WELBEING, TO INCLUDE, GOOD HEALTH, SAFETY AND OVER-ALL THE CUSTODIAL CARE FACTORED INTO THE VARIOUS JOB DESCRIPTIONS OWNED BY EACH OF THE, DEPARTMENT OF CORRECTIONS AND Community SUPERVISION (DOCCS) EMPLOYEES LISTED AS DEFENDANTS. (SEE STATE DOCCS DIRECTIVES NUMBERED, 2614 - RE: REASONABLE ACCOMMODATIONS CONCERNING DISABILITIES OF STATE WARDS AS STATE PRISONERS). (SEE ALSO, DIRECTIVE #4300 WHICH IS THE GOVERNING BASIS FOR THE CLAIMS AGAINST EACH NAMED DEFENDANT UNDER THE THEME FOR ENTITLEMENT TO: PROPER MEDICAL CARE AND ATTENTION.)

DEFENDANT, WALSH FAILED TO CHANGE THE PLAINTIFF'S DRESSINGS AND SANITIZE THE POST-OPERATION WOUNDS AS STANDARD SAFETY REQUIREMENTS FOR PREVENTION

12.

AGAINST INFECTIOUS DISEASE. ( SEE ANDERSON V. STATE, 125 A.D. 3d 1273 (4 DEPT, 2015 ) RE: "LIABILITY AND THE RISK OF HARM THAT ARE REASONABLY FORESEEABLE")

PRISONER'S COMPLAINT, ALLEGEDLY WARRANTS FEDERAL JUDICIAL NOTICE CONCERNING DISTRICT COURT TREATMENT OF PRO-SE PLEADINGS AND DISTRICT COURT'S SEEMING RELIANCE UPON ITS OWN, UNREPORTED CASES TO JUSTIFY SUCH ALLEGED, IRREGULARITIES. ( SEE AMAND V. SIMONSON, FED. Supp (2016) LWL 1257972 RE: SUMMARY JUDGMENT)

DISTRICT COURT'S REASONING AND EXCUSES TO VOID DEFAULT DO NOT STRIKE A BALANCE BETWEEN SERVING THE ENDS OF JUSTICE WHERE, INSTEAD THE COURT SELECTIVELY CONDONED DEFENDANT'S, CONDUCT AS DESERVING THE "STATUS" OF, EXEMPTION FROM PUNISHMENT. THE DISTRICT COURT'S HANDLING OF PLAINTIFF'S DEFAULT MOTION ASSERTEDLY IS, ALLEGEDLY UNPRECEDENT AND AN INSULT TO THE "U.S. MARSHAL'S OFFICE" IN ADDITION TO UNLAWFUL CONSTRUCTION TO RULE 4 OF THE F.R.C.P.

# Argument

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAVE DEMONSTRATED ITS POSITION AGAINST STATE PRISONER'S APPLICATIONS FOR FEDERAL RELIEF THROUGH AND BY THE PROVISIONS LEGISLATED INTO LAW. (SEE 42 U.S.C. 1983)

By Holding, PRO-SE litigants TO THE SAME EXPECTATION AS PROFESSIONAL ATTORNEYS; ACCORDINGLY, AND WITH REFERRENCE TO UNITED STATES SUPREME COURT RULINGS RELATED TO "LIBERAL CONSTRUE"; IT HAS LONG BEEN ESTABLISHED THAT PRO-SE PLEADINGS BE "INTERPRETED" IN THEIR STRONGEST CONSTITUTIONAL RELIANCE. DUE PROCESS FOR THE PLAINTIFF-APPELLANT MUST NOT PRECLUDE, LIBERAL CONSTRUE.

WHERE THE August 30, 2022-OPINION AND ORDER primarily DEALT WITH A Limited ISSUE FOR THE THIRD TIME. AND WHERE DEFENDANTS UNSUCCESSFUL MOTION TO DISMISS DID NOT ACHIEVE WHAT WAS SOUGHT. THE DISTRICT COURT IN ALLEGED, CRONYISM WITH THE STATE Attorney General's OFFICE - THEN AFFORDED DEFENDANT MOTION FOR SUMMARY JUDGMENT WITH FULL KNOWLEDGE THAT COMPLAINT'S CLAIM AND CAUSE OF ACTION WAS DISPUTED ON THE FACTS.

TO AFFORD DEFENDANTS WITH A "Limited" OR FOCUSED INTENT TO COLOR THE CASE AS A "FAILURE" TO EXHAUST PRISON ADMINISTRATIVE REMEDIES; WHICH HAD ALREADY BEEN ARGUED AND lost previously in DEFENDANT's MOTION TO DISMISS, CONSTITUTES AS EVIDENCE OF AN COURT THAT, LACKS IMPARTIALITY,

NEVERTHELESS, WITH THE DISTRICT Court's August 30, 2022 FINAL ORDER, THIS COURT OF APPEALS HAVE JURISDICTION TO REVIEW THE DISTRICT Court's DENIAL OF PLAINTIFF's DEFAULT MOTION AS WELL. THIS COURT MAY SETTLE THE MATTER OF PLAINTIFF's CONTRACTION OF THE INCURABLE "MERSA", FLESH EATING, PARASITIC INFECTIOUS DISEASE..., AS UNGRIEVABLE UNDER THE LANGUAGE USED IN ROSS v. BLAKE, 136 S.Ct. 1850 (2016).

15.

THIS COURT HAVE POWER AND AUTHORITY TO, "REINSTATE" RELATED CASE NO. 21-1492 AS PART OF THE INSTANT APPEAL,

AS IS OBVIOUS, THE COURT HAVE TAKEN MORE INTEREST IN THE PREREQUISITES ATTACHED TO CIVIL RIGHT COMPLAINT. THE ACTUAL PURPOSE AND INTENT FOR 42 USC 1983 HAVE PURPOSELY BEEN DISPLACED.

IRREPAIRABLE DAMAGE HAVE BEEN INFLICTED UPON STATE WARD, AND PRISONER WHILE THE COURT KNOWINGLY CONSENTS BY ITS INACTIVITY.

A MEANINGFUL REVIEW BY THIS COURT WOULD INDICATE THAT THE FEDERAL RULES GOVERNING SERVICE OF COMPLAINT AND SUMMONS, TO INCLUDE, GRANT OR DENIAL OF DEFAULT JUDGMENT MOTIONS — ARE NOT TO BE REINTERPRETED, BUT SHOULD FOLLOW CLOSELY TO PROCEDURE. (RULE 4). DUE PROCESS OF LAW AND THE EQUAL PROTECTION OF SAME WOULD ATTACH HERE AS, VIOLATIONS AND UNFAIR FEDERAL DISTRICT COURT PROCEEDINGS, THAT SERVE NO "LEGITIMENT PURPOSE."

AND, IF A legitimate purpose were
being served by the District Court
it would behove the Court to at
least afford a semblance of
impartiality

Wherefore Plaintiff would modify
with this Court's permission, the
monetary awards sought and change
them to nominal damages in exchange
for a meaningful and reasonable
finding by this Court that would set
boundary for District Court observance;
particularly where the exercise of the
court's discretionary prerogatives are
seemingly discriminatory.

17.

## Conclusion

I THEREFORE RESPECTFULLY ASK THIS COURT REVERSE THE JUDGMENT OF THE DISTRICT COURT WITH A FINDING OF FACT IN FAVOR OF THE APPELLANT. IN THE ALTERNATIVE THE COURT SHOULD, REINSTATE PLAINTIFF's MOTION FOR DEFAULT JUDGMENT THAT THIS COURT previously REJECTED BECAUSE OF THE, "LACK OF JURISDICTION." (Petrello v. WHITE, 533 F.3d 110, 113 (2 Cir. 2008); (SEE Also, Docket No. 21-1492 RE: THIS COURT related DECISION TO NOT REVIEW PRO-SE CONTENTIONS BECAUSE OF THE "Lack OF Jurisdiction.")

WHEREFORE, THE DISTRICT COURT's August 30, 2022 OPINION AND ORDER REPRESENTS THE DISTRICT COURT's Final ORDER AND THIS CASE MOVES INTO THE APPROPRIATE Jurisdiction OF THE UNITED STATES COURT OF APPEALs FOR THE SECOND Circuit.

18.

WHEREFORE STATE EMPLOYEES, TO INCLUDE ITS ADMINISTRATORS ARE TO BE HELD ACCOUNTABLE FOR ACTIONS AND/OR INACTIONS THAT AFFECT THE FULFILMENT OF JOB DESCRIPTIONS INVOLVING THE CUSTODY, CARE, HEALTH OR WELBEING OF PLAINTIFF WHO HAPPENS TO BE A STATE WARD AND STATE PRISONER-PLAINTIFF.

MOREOVER, WHERE SUCH STATE AGENTS ARE PARTICULARLY RESPONSIBLE FOR INDIVIDUALS WHO ARE OTHERWISE, HELPLESS AND DEPENDANT ON STATE CARE- THIS COMPLAINT SHOULD NOT BE MADE TO DEVIATE FROM ITS INITIAL PRO-SE PLEADINGS. A RESOLUTION FOR THE ALLEGED, IMPROPER DENIAL OF DEFAULT MOTION WOULD SUFFICE TO RESOLVE THIS CASE'S EXEMPTION FROM GRIEVANCE PARTICULARS AS THIS CASE DOES NOT HAVE AN ALTERNATIVE RECOURSE TO SUE FOR UNPROVOKED AND PERMANENT, DAMAGES AS THE RESULT OF DEFENDANT'S AS AGENTS OF DOCCS AND THEIR CONCEPT OR DEMONSTRATION THAT SURELY DOES NOT REFLECT THE STATES OBLIGATIONS BEING MET AS CUSTODIAN. A MEANINGFUL DECISION BASED ON LAW WOULD SUFFICE BY THE REINSTATING OF MOTION FOR DEFAULT JUDGMENT AND A ORDER HOLDING ANY FURTHER ACTION IN ABEYANCE ON THIS APPEAL MAY BE APPROPRIATE, SINCE THE DEFAULT MOTION HAVE SOUGHT THIS COURT'S JUDICIAL NOTICE PREVIOUSLY AND UNSUCCESSFULLY BECAUSE OF THE LACK OF JURISDICTION. APPEAL SHOULD BE GRANTED.

19.

## CERTIFICATE OF COMPLIANCE

I Ralph Hall, CERTIFY THAT THIS BRIEF DOCUMENT CONTAINS 14,000 WORDS OR LESS.

*Ralph Hall*

## CERTIFICATE OF SERVICE

ON THE DATE OVER MY SIGNATURE, I SWEAR UNDER PENALTY OF PERJURY THAT THIS PRO-SE BRIEF WAS SUBMITTED WITH POOR PERSON PAPERS AND FORM T-1080 TO THE BELOW LISTED PARTIES IN SASE VIA USPS.

1. USCA/SECOND CIRCUIT, 40 FOLEY SQUARE N.Y.C., N.Y. 10007

2. JEB HARBEN
   ASSISTANT ATTORNEY GEN.
   28 LIBERTY ST.
   NEW YORK, N.Y. 10005

September 09, 2022
*Ralph Hall*
RALPH HALL #05A5367
GHCF
594 ROUTE 216
STORMVILLE, NY
12582

20.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

*Ralph Knoll*

**CERTIFICATE OF SERVICE***

Docket Number: *19Civ05521 (KMK)*

v.

*Anthony Annucci,*

I, *Ralph Knoll* , hereby certify under penalty of perjury that
(print name)

on *09/09/2022* , I served a copy of *Pro-se Appellant Brief*
(date)

*To appeal USDd/SDNY Denval of 08/30/2022*
(list all documents)

by (select all applicable)**

___ Personal Delivery    ✓ United States Mail    ___ Federal Express or other
                                                     Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

*Jeb Hansen, Asst. Att. Gen., 28 Liberty St, NY, NY 10005*

| Name | Address | City | State | Zip Code |

*USCA/Second Cir., 40 Foley St, NY, NY 10007*

| Name | Address | City | State | Zip Code |

| Name | Address | City | State | Zip Code |

| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

*09/09/2022*
Today's Date

*Ralph Knoll*
Signature

Certificate of Service Form (Last Revised 12/2015)

R. Marin #85A45367
G-4 Cf #
894 Route 216
Stormville, N.Y. 12582

USCA/Second Circuit
40 Foley Square
New York, New York
10007
(Attn. Clerk of the Court)





NEOPOST
09/16/2022
US POSTAGE $00
CORRECTIONAL FACILITY